CT Corporation

**Service of Process Transmittal**
07/29/2019
CT Log Number 535952695

TO:     Joel Lackey, President
        National Credit Systems Inc.
        3750 Naturally Fresh Blvd
        Atlanta, GA 30349-2964

RE:     **Process Served in Missouri**

FOR:    National Credit Systems, Inc.  (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BATULA NOOR and HALIMA HAJI, PLTFS. vs. NATIONAL CREDIT SYSTEMS, INC., DFT. |
| **DOCUMENT(S) SERVED:** | SUMMONS, PETITION, ATTACHMENT(S), EXHIBIT(S) |
| **COURT/AGENCY:** | 22nd Judicial Circuit Court of City of St Louis, MO<br>Case # 1922CC10931 |
| **NATURE OF ACTION:** | Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA or the Act). |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/29/2019 at 10:33 |
| **JURISDICTION SERVED :** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after receiving this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Amanda J. Schneider<br>Legal Services of Eastern Missouri<br>4232 Forest Park Avenue<br>ST. LOUIS, MO 63108<br>314-256-8768 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/30/2019, Expected Purge Date: 08/04/2019<br><br>Image SOP<br><br>Email Notification,  Joel Lackey  jlackey@nationalcreditsystems.com<br><br>Email Notification,  Ron V Sapp  rsapp@nationalcreditsystems.com<br><br>Email Notification,  KATIE MARCH  kmarch@nationalcreditsystems.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>120 South Central Avenue<br>Suite 400<br>Clayton, MO 63105<br>314-863-5545 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# SPECIAL PROCESS SERVER

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC10931 | Special Process Server 1<br>W STAGE |
|---|---|---|
| Plaintiff/Petitioner:<br>BATULA NOOR | Plaintiff's/Petitioner's Attorney/Address<br>AMANDA JEAN SCHNEIDER<br>4232 FOREST PARK AVENUE | Special Process Server 2 |
| vs. | ST LOUIS, MO 63108 | Special Process Server 3 |
| Defendant/Respondent:<br>NATIONAL CREDIT SYSTEMS INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | |
| Nature of Suit:<br>CC Other Tort | SAINT LOUIS, MO 63101 | (Date File Stamp) |

**Summons in Civil Case**

| The State of Missouri to: | NATIONAL CREDIT SYSTEMS INC<br>Alias: | |
|---|---|---|

**SERVE: REGISTERED AGENT<br>CT CORPORATION<br>120 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

July 22, 2019

_____
Date

_____
Thomas Kloppinger

Further Information: _____

**Sheriff's or Server's Return**

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address) in
_____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ (_____ miles @ $._____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**1922-CC10931**

IN THE 22ND JUDICIAL CIRCUIT | ST. LOUIS CITY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

|  |  |  |
|---|---|---|
| BATULA NOOR and HALIMA HAJI, | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| -vs- | ) | |
| | ) | Case No. |
| NATIONAL CREDIT SYSTEMS, INC., | ) | |
| | ) | Div. |
| Defendant. | ) | |
| | ) | |
| Serve to Registered Agent: | ) | |
| C T Corporation | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |

## PETITION

Plaintiffs Batula Noor and Halima Haji, by and through undersigned counsel, for their

Petition against Defendant National Credit Systems, Inc., state the following:

### NATURE OF THE CASE

1.      This is a consumer action brought pursuant to the Fair Debt Collection Practices

Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA" or the "Act"). Plaintiffs seek actual and statutory

damages and other relief from the Defendant.

### PARTIES & JURISDICTION

2.      Plaintiffs Batula Noor and Halima Haji are residents of St. Louis, Missouri.

3.      Plaintiffs are "consumers" as that term is defined in § 1692(a)(3) of the Act.

4.      Upon information and belief, Defendant National Credit Systems, Inc. ("NCS") is

a corporation that regularly collects or attempts to collect debts owed or asserted to be owed

another in Missouri and beyond.

1

5.     Upon information and belief, the alleged debts NCS collects or attempts to collect are in default at the time NCS begins collecting said alleged debts.

6.     Upon information and belief, NCS uses U.S. Mail and other instrumentalities of interstate commerce in furtherance of its business operations.

7.     Upon information and belief, NCS's principal purpose is the collection of debts.

8.     NCS is therefore a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692(a)(6).

9.     NCS has attempted to collect from both plaintiffs for alleged debts arising from plaintiffs' tenancy and departure from an apartment complex.

10.    Specifically, the alleged debt arises from the plaintiffs' use of the leased apartment as their personal residence. Therefore, the alleged debt, whether or not owed by plaintiffs, was and is a consumer "debt" under the Act. 15 U.S.C. § 1692a(5).

11.    NCS alleged the plaintiffs were and are obligated to pay the debt being collected by NCS. Therefore, plaintiffs were and are "consumers" as defined by the Act. 15 U.S.C. §1692a(3)

12.    Subject matter jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d) and this court is a court of competent jurisdiction to hear this matter.

13.    Jurisdiction and venue are proper in that Plaintiffs are residents of St. Louis City, Missouri and Defendant regularly collects debts in Missouri.

14.    With regards to venue, a substantial part of the events or omissions giving rise to the claim occurred in the City of St. Louis, Missouri.

15.    Whenever it is alleged herein that Defendant(s) or persons acting on behalf of Defendant(s) did any act or things, it is meant that said Defendant(s) performed, participated in,

2

directed, and/or ratified such act or thing, or that such act was performed by the officers, agents, employees, or representatives of Defendant(s) acting within the scope and course of employment and agency.

## FACTUAL BACKGROUND

16.     Plaintiff Batula Noor made a lease agreement for tenancy at 1906 Biddle Street in the City of St. Louis, Missouri ("the Property") with Murphy Park/McCormack Baron, a property management company.

17.     Ms. Noor is and was at all times relevant a Section 8 voucher holder.

18.     Halima Haji is Ms. Noor's adult daughter.

19.     Ms. Haji was an occupant of the Property with her mother, Ms. Noor.

20.     Ms. Haji was not a party to the lease,

21.     Ms. Haji was no longer an occupant at the time Ms. Noor's tenancy ended at the Property.

### Unlawful Detainer Case and Settlement

22.     McCormack Baron Management filed an unlawful detainer action against Ms. Noor in Missouri state court (the "Unlawful Detainer Case").

23.     Ms. Noor and Murphy Park/McCormack Baron reached a settlement in the Unlawful Detainer Case, on or about March 29, 2018.

24.     As part of the settlement reached, Ms. Noor and Murphy Park/McCormack Baron entered into a "mutual lease rescission" of the lease agreement.

25.     The rescission of the lease allowed Ms. Noor to move from the Property to another unit and maintain her Section 8 voucher.

26.     The settlement agreement made no mention of any remaining outstanding debt

3

owed by either Ms. Noor or Ms. Haji, who was Ms. Noor's minor child when she occupied the Property.

27. Murphy Park (the landlord) nor McCormack Baron (the landlord's management) ever informed Ms. Noor and Ms. Haji there were any remaining debts related to the Property after the Unlawful Detainer Lawsuit settlement was complete.

28. As part of the settlement, Ms. Noor vacated the Property shortly after the settlement was reached.

29. Ms. Haji had moved from the Property many months before Ms. Noor did.

30. Neither Murphy Park nor McCormack Baron provided Ms. Noor a notice of opportunity for a walk-through inspection as required by RSMo. § 535.300 (the "security deposit statute").

31. Ms. Noor also did not receive an itemization of amounts owed within 30 days of the end of her tenancy at the Property as required by RSMo. § 535.300.

32. Ms. Noor and Ms. Haji do not recall receiving any communications, or correspondence of any kind from Murphy Park, McCormack Baron, or any debt collectors regarding any alleged debts related to the Property from March/April 2018 until after February 1, 2019.

## NCS sends the Noor Notice and the Haji Notice

33. On or around February 1, 2019, National Credit Systems, Inc. ("NCS") sent Plaintiffs Batula Noor and Halima Haji two individual dunning notices. See **Exhibits 1 and 2**, (the "Noor Notice" and "Haji Notice", respectively).

34. NCS alleged in the Noor and Haji Notices the Plaintiffs each owed a debt to "Creditor: MURPHY PARK I APTS / 56-1906."

4

35. Ms. Haji reviewed the Haji Notice and understood it to be an attempt to collect a debt from her by NCS.

36. Ms. Noor cannot read or speak English. However, she shared the Noor Notice with her family who provided translation of the Noor Notice to Ms. Noor. She understood the Noor Notice to be an attempt to collect a debt from her by NCS.

37. Both the Noor and Haji Notices contained the following same language:

> "Account #: 3977458 Balance: $1361.32 Resolution Offer: $680.66 We have [sic] authorized to extend a debt discount opportunity on the above referenced account. You may satisfy your debt in full at a 50% discount, the Resolution Offer, if you pay by 2/28/2019.

See Exhibits 1 and 2, respectively.

38. Ms. Noor did not owe the alleged debt or amount NCS claimed in the Noor Notice.

39. Ms. Haji did not owe the alleged debt or amount NCS claimed in the Haji Notice.

40. Ms. Noor and Ms. Haji sought assistance from undersigned counsel regarding the allegations of NCS.

41. On or around February 26, 2019, counsel for Plaintiffs Batula Noor and Halima Haji sent correspondence to NCS requesting three things: NCS was to cease communications with both Plaintiffs; send all future communications to counsel; and verify the debt allegedly owed by both Plaintiffs. See **Exhibit 3** (the "Representation Letter").

42. On or about March 11, 2019, Ms. Patricia Earl, leasing manager of Murphy Park, sent Ms. Noor a letter detailing alleged charges owed by the Plaintiffs on the Property. See **Exhibit 4,** (the "Earl Letter").

43. Ms. Noor reviewed the Earl Letter with translation assistance of her family, and

5

provided a copy to undersigned counsel.

44.     The Earl Letter contained an itemization, marked "revised," of the alleged debt owed by the Plaintiffs, subtotaling $879.32. Less the security deposit retained by the landlord as a credit of $300, the alleged "Amount Tenant Owes" in the Earl Letter was $579.32. See Exhibit 4.

45.     Murphy Park's letter, the Earl Letter, itemized a falsely alleged debt that it claimed Ms. Noor owed nearly a year after Ms. Noor and Murphy Park reached a settlement. The itemization was dated March 11, 2019. The Earl Letter was nearly a year after Ms. Noor reached a settlement and vacated the Property.

46.     The Earl Letter arrived about 11 months after Murphy Park should have provided an itemized statement of any alleged amounts owed by Ms. Noor as a tenant of the Property.

47.     The Earl Letter further contained the following warning: "You have 30 days from the date of this letter to pay the tenant owed balance or your account will be turned over to a collection agency." See Exhibit 4, final paragraph.

48.     However, by the time of the Earl Letter, Ms. Noor and Ms. Haji had already been collected upon by NCS. See Ex. 1 and 2, the Notice Letters.

49.     Not long after Ms. Noor received the Earl Letter, Plaintiff's counsel received correspondence from NCS dated March 18, 2019.

50.     The NCS correspondence contained three items: a Cover Letter, an Offer Letter, and the Earl Letter. See **Exhibit 5** (the containing the "Cover Letter," the "Offer Letter," and the Earl Letter, respectively).

51.     The Offer Letter from NCS contained in Exhibit 5 referred only to Ms. Noor, and requested a settlement payment of $289.66 from Ms. Noor as "full and final settlement of the

6

above referenced account."

52.    NCS did not send any other verification of the debts allegedly owed, for either Ms. Noor or Ms. Haji.

53.    By sending the Earl Letter, Offer Letter, and Cover Letter, NCS was falsely alleging Ms. Noor owed a debt she did not rightfully owe, or in the alternative, owed more than she legally owed.

54.    The Cover Letter, Offer Letter and Earl Letter solely mention Ms. Noor, and not Ms. Haji, as the alleged debtor of the debt.

55.    On June 24, 2019, Plaintiffs' counsel sent a letter demanding among other things that NCS cease collecting from the Plaintiffs.

56.    NCS sent a letter in response to Plaintiffs' counsel's June 24, letter on or about July 2, 2019. See **Exhibit 6**, (the "July Letter").

57.    The July Letter from NCS contained a hand-written insertion of Halima Haji's name, implicating both she and her mother (Ms. Noor) owed the alleged debt.

58.    The July Letter from NCS included another copy of the Earl Letter (marked as Ex. 4 at the top, but for this pleading, also identified as pg. 2, Ex. 6).

59.    NCS claimed in its July Letter that both plaintiffs still owed $579.32.

60.    The July Letter contained no acknowledgment of the plaintiffs' dispute of the alleged debt.

61.    The July Letter provided no new information or verification of the alleged debt.

62.    Despite Plaintiffs' counsel attempt to resolve the error, by sending the July Letter, NCS "doubled down" to continue asserting the plaintiffs both owed the alleged debt they did not rightfully owe.

7

## NCS furnished false credit information

63. Halima Haji checked her credit file with Experian in March 2019. Ms. Haji discovered NCS reported an alleged debt for Murphy Park of $1,361 as "in collection" by NCS.

64. Batula Noor checked her credit file with Experian in March, 2019. Ms. Noor discovered NCS reported an alleged debt for Murphy Park of $1,361as "in collection" by NCS. The credit report also indicated that NCS later revised the alleged Murphy Park debt to $579.32.

65. The credit information reported by NCS to Ms. Noor's credit file was false.

66. The credit information reported by NCS to Ms. Haji's credit file was false.

## THE FDCPA FRAMEWORK

67. "Congress created a statutory right to be free from attempts to collect debts not owed." See *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685,692 (8ᵗʰ Cir. 2017).

68. NCS's actions and inactions complained of by Plaintiffs in this action:

    a.    Caused Plaintiffs to suffer a violation of her statutory rights;

    b.    Caused Plaintiffs to suffer actual, concrete injuries and resulted in damages to the Plaintiffs;

    c.    Caused injuries to the Plaintiffs that were exacerbated by Plaintiffs' impoverished status and language barriers;

    d.    Were of the kind that tend to cause reasonable people mental distress;

    e.    In fact, did cause Plaintiffs mental distress, anguish, embarrassment, and uncertainty, and

    f.    Forced Plaintiffs to expend the time, expense, and energy to refute the false claims of the Collector.

69. The Plaintiffs suffered damages as a result of the actual harms and injuries caused

8

by NCS's conduct. Plaintiffs' damages include, but are not limited to:

    a.    Mental distress, embarrassment, aggravation, surprise, and frustration;

    b.    Damage to Plaintiffs' relationships with family;

    c.    Lost time, and other expenses related to taking steps to combat the false collection by NCS;

    d.    And as to Ms. Haji, difficulty obtaining new housing as the result of the debt NCS alleges is owed that relates to her time in Murphy Park's Property.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

70.    Plaintiffs incorporate and re-allege the paragraphs above as if fully restated here.

71.    NCS's actions were unfair, false, and misleading violations of the FDCPA. These actions include but may not be limited to the following:

    a.    Collecting the alleged and false debt from Plaintiffs by sending false or misleading communications vis-à-vis Notices (Exs. 1 and 2) containing false information about the amount and character of the debt alleged;

    b.    Collecting the alleged and false debt from Plaintiffs by sending false or misleading communications vis-à-vis (Ex. 5) the Cover Letter, Offer Letter, Earl Letter in March, 2019, and the July Letter (Ex. 6) when no debt was rightfully owed or in the alternative a lesser amount was owed;

    c.    Ignoring or disregarding the settlement entered by Ms. Noor with the landlord in March 2018 by persisting in collection efforts after any alleged debt was settled;

    d.    Furnishing third party credit reporting agencies with false credit information about the alleged debt for inclusion in the Plaintiffs' credit files;

9

e.    Attempting to collect on amounts alleged owed despite the landlord's failure to comply with RSMo. § 535.300 regarding providing notice of opportunity for a walk-through inspection and providing a timely notice itemization of damages the landlord intended to charge;

f.    Upon information and belief, failing to provide the consumer's initial request for verification notice as required by the Act to either Ms. Noor or Ms. Haji;

g.    In the alternative, providing but overshadowing any verification notice provided by NCS with collection activity by NCS through its communications with the plaintiffs.

h.    Failing to properly investigate the verification request made by the plaintiff's counsel and/or provide adequate validation of the alleged debt; and

i.    Continuing collection activity prior to proper validation of the alleged debt.

72.    These and other actions and inactions of Collector were violations of the Act and of the plaintiffs' statutory rights created by Congress in its passage of the Act.

73.    Pursuant to the FDCPA, a debt collector may not:

a.    Use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. §1692e.

b.    Use any false representation of the character, amount, or legal status of any debt. 15 U.S.C. §1692e(2)(A).

c.    Threaten to take any action that cannot legally be taken or that is not intended to be taken 15 U.S.C. §1692e(5).

d.    Communicate false credit information to any third parties, including the

10

fact that the debt is disputed 15 U.S.C. §1692e(8).

e.     Use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. §1692e(10).

f.     Use any unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f.

g.     Attempt to collect a debt not authorized by an agreement or otherwise permitted by law. 15 U.S.C. §1692f(1).

h.     Fail to timely and conspicuously provide a consumer information regarding the right to request verification of the alleged debt. 15 U.S.C. §1692g(a)(1)-(5).

i.     Continue to collect a debt after a consumer has requested verification without timely and properly responding to the request first, or to otherwise overshadow or interfere with the consumer's right to dispute the debt or request creditor information. 15 U.S.C. §1692g(b).

74.     NCS misrepresented the character and/or the amount of the alleged debt in the Noor Notice Letter, Haji Notice Letter Cover Letter, Offer Letter, and Earl Letter and July Letter. NCS collection actions and communications by sending these documents to plaintiffs was unfair and an attempt to collect debt that was not owed. These actions violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1).

75.     NCS furnished false information about the amount and character of the debt to third parties, including by sending false information for inclusion in Ms. Noor's credit file in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, and 1692f(1).

76.     NCS furnished false information about the amount and character of the debt to third parties, including by sending false information for inclusion in Ms. Haji's credit file in

11

violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, and 1692f(1).

77.     NCS attempted to collect upon the false debt from Ms. Noor and Ms. Haji, despite a settlement of claims between Ms. Noor and her landlord nearly a year earlier, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, and 1692f(1).

78.     NCS also attempted to collect debts from the Plaintiffs unfairly and deceptively by collecting on alleged damages owed despite the creditor's failure to comply with the security deposit statute, RSMo. § 535.300, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1).

79.     Upon information and belief, NCS failed to provide both plaintiffs with the Act's mandated initial request for verification notice, or in the alternative, provided the notice but overshadowed it with other collection communications and activity, and failed to properly investigate and verify the debt once a request to do so was received, and continued to collect the debt without properly ceasing such activity after a proper requested to verify the debt was received, in violation of 15 U.S.C. §1692g(a)(1)-(5) and 15 U.S.C. §1692g(b).

80.     NCS's failures regarding the notice of the right to verify further resulted in NCS's later collection efforts to be in violation of 15 U.S.C. §§ 1692e(5) 1692e(10), 1692f, and 1692f(1).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs Ms. Noor and Ms. Haji, request the Court enter judgment against Defendant NCS as follows:

A.     Award actual damages to each Plaintiff as appropriate per 15 U.S.C. § 1692k(a)(1);

12

B.    Award additional damages in the amount of $1,000 to each Plaintiff as provided

by 15 U.S.C. § 1692k(a)(2)(A);

C.    Award Plaintiffs her reasonable attorney's fees and costs of the action as provided

by 15 U.S.C. § 1692k(a)(3); and

D.    Grant such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues triable by jury.

Respectfully Submitted,

By: /s/ Amanda J. Schneider
**Legal Services of Eastern Missouri**
Amanda J. Schneider, #59263
Terry L. Lawson, Jr., #53203
Legal Services of Eastern Missouri
4232 Forest Park Avenue
St. Louis, MO 63108
Tel. (314) 256-8768
Fax (314) 534-1028
ajschneider@lsem.org
tlawson@lsem.org
**ATTORNEYS FOR PLAINTIFFS**
**Ms. Noor and Ms. Haji**

13

DEPT 855   3235974818010
PO BOX 4115
CONCORD CA 94524

# National Credit Systems, Inc

P.O. Box 312125 Atlanta, GA 31131-2125
Phone: (404) 629-2728 Toll Free: (800) 459-1539

ADDRESS SERVICE REQUESTED

Account ID: 56-1906
Account #: 3977458
Balance: $1361.32
Resolution Offer: $680.66

BATULA NOOR
2124 KISLING LN
SAINT LOUIS MO 63106-4231

NATIONAL CREDIT SYSTEMS, INC.
PO BOX 312125
ATLANTA GA 31131-2125

*** Detach Upper Portion And Return With Payment ***                February 1, 2019

Current Creditor: MURPHY PARK I APTS / 56-1906
Account #: 3977458
Balance: $1361.32
Resolution Offer: $680.66          ***50% DEBT DISCOUNT OFFER***

We have authorized to extend a debt discount opportunity on the above referenced account.

You may satisfy your debt in full at a 50% discount, the Resolution Offer, if you pay by 2/28/19. This offer is valid as of the time of receipt of this letter until the offer expiration date of 2/28/19.

If you are using money from a tax refund to resolve this debt, we understand there may be slight delays with the IRS sending funds this year. If this applies to your situation, contact us before the expiration date is mentioned above, and we will extend this special into the month of ***March***.

Once paid, NCS will update credit data it may have previously submitted regarding this debt.

We encourage you to take advantage of this generous offer, save money, and resolve this debt once-and-for-all.

Sincerely,

FREDRICK LITMAN
Collection Representative
Direct Line: 404-592-0214  800-438-9493

Use QR code to gain immediate access for payment.
www.nationalcreditsystems.com

Please direct all correspondence to:
NATIONAL CREDIT SYSTEMS, INC., PO Box 312125, Atlanta, GA 31131-2125

**EXHIBIT**
**1**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

DEPT 855      3235974919018
PO BOX 4115
CONCORD CA 94524
||||6||||0||0||||||||||||0|||0||||||||||||||

**National Credit Systems, Inc**

P.O. Box 312125 Atlanta, GA 31131-2125
Phone: (404) 629-2728 Toll Free: (800) 459-1539

ADDRESS SERVICE REQUESTED

|||||||||||||||||||||||||||||||||||||||||||

HALIMA HAJI
4531 ANDERSON AVE
SAINT LOUIS MO 63115-2409

Account ID: 56-1906
Account #: 3977458
Balance: $1361.32
Resolution Offer: $680.66

NATIONAL CREDIT SYSTEMS, INC.
PO BOX 312125
ATLANTA GA 31131-2125
||||||||||||||||||||||||||||||||||||||||||||

*** Detach Upper Portion And Return With Payment ***          February 1, 2019

Current Creditor: MURPHY PARK I APTS / 56-1906
Account #: 3977458
Balance: $1361.32
Resolution Offer: $680.66          ***50% DEBT DISCOUNT OFFER***

We have authorized to extend a debt discount opportunity on the above referenced account.

You may satisfy your debt in full at a 50% discount, the Resolution Offer, if you pay by 2/28/19. This offer is valid
as of the time of receipt of this letter until the offer expiration date of 2/28/19.

If you are using money from a tax refund to resolve this debt, we understand there may be slight delays with the
IRS sending funds this year. If this applies to your situation, contact us before the expiration date is mentioned
above, and we will extend this special into the month of ***March***.

Once paid, NCS will update credit data it may have previously submitted regarding this debt.

We encourage you to take advantage of this generous offer, save money, and resolve this debt once-and-for-all.

Sincerely,

FREDRICK LITMAN
Collection Representative
Direct Line: 404-592-0214  800-438-9493

Use QR code to gain
immediate access for payment.
www.nationalcreditsystems.com

Please direct all correspondence to:
NATIONAL CREDIT SYSTEMS, INC., PO Box 312125, Atlanta, GA 31131-2125

**EXHIBIT**
**2**

**This communication from a debt collector is an attempt to collect a debt and any information obtained
will be used for that purpose.**          ATL6-01.01 114J547380-00800-660



**Legal Services** of **Eastern Missouri**

Action.Justice.Hope.

**Health Justice Initiative**

Daniel K. Glazier
Executive Director and
General Counsel

February 26, 2019

Attn: Fredrick Littman
Collection Representative
National Credit Systems, Inc.
P.O. Box 312125
Atlanta, GA 31131-2125

**Amanda J. Schneider**
Managing Attorney

**Christina Brimm MSW**
Social Worker

National Credit Systems, Inc.
Dept. 855
P.O. Box 4115
Concord, CA 94524

RE: In re: Batula Noor and Halima Haji, Account # 3977458

Dear Mr. Littman:

I represent Batula Noor and Halima Haji. Please cease all communications with my clients Ms. Noor and Ms. Haji. Please forward any and all future communications to me.

Please also provide verification of the debt owed.

You can reach me at 314-256-8768 or via facsimile at 314-534-1028.

Sincerely,

Amanda J. Schneider

cc: Batula Noor and Halima Haji

**EXHIBIT**
**3**

LSC
Proud member of
United Way
United Way of Greater St. Louis

MHB

1920 Cass Avenue
St. Louis, MO 63106

(314) 436-2351  phone
(314) 436-9666  fax



**March 11, 2019**                                    **Revised**

Batula Noor
1906 Biddle St
St. Louis, MO 63106

<u>**Re:  Above –mentioned apartment (t0073163) 1906 Biddle St.**</u>
Final move out on the above-mentioned apartment are as follows:

**RENT BALANCE**                                    **$    00.00**

**DAMAGES**

| | |
|---|---|
| **Drywall damages** | $    300.00 |
| **Replace carpet** | $    324.32 |
| **Clean kitchen** | $     60.00 |
| **REplae 5 window blinds @ $35.00 each** | $    175.00 |
| **Replace missing refrigerator handle** | $     15.00 |
| **Replace window screen** | $      5.00 |
| **LATE CHARGES** | $     00.00 |
| Court/Legal Fees | $     00.00 |
| Sub Total | $    879.32 |
| Rent Credit | $     00.00 |
| **SECURITY DEPOSIT** | $    300.00 |
| **Refund Amount:** | $     00.00 |
| **Amount Tenant Owes** | $    579.32 |

**You have 30 days from the date of this letter to pay the tenant owed balance or your account will be turned over to a collection agency.**

Sincerely,

Patricia Earl

Patricia Earl
Leasing Manager

EXHIBIT
4

**National**
**Credit Systems, Inc.**

*P.O. Box 312125 Atlanta, GA 31131  (800) 459-1539  (404) 629-2728*
*Monday - Thursday 8:00 a.m. - 7:00 p.m., Friday 8:00 a.m. - 5:00 p.m.*

03/18/2019

Legal Services
4232 FOREST PK AVE
Saint Louis MO 63108

Our Client: MURPHY PARK I APTS
Client Account Number: 56-1906
NCS Account Number: 3977458

Re Your Client: Batula Noor
Balance: $579.32

Enclosed you will find revised documentation provided by our client pertaining to the above referenced account.

Please have your client remit payment on this account to National Credit Systems, Inc. at the above address.

If you have any questions concerning these documents or the above referenced account, please contact our office immediately.

Sincerely,

JIM BEACHUM
Collection Representative
404-592-0227 or
LTR 64

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for this purpose.

**EXHIBIT**
**5** Pg. 1 of 1



**National**
**Credit Systems, Inc.**

*P.O. Box 312125 Atlanta, GA 31131 (800) 459-1539 (404) 629-2728*
*Monday - Thursday 8:00 a.m. - 7:00 p.m., Friday 8:00 a.m. - 5:00 p.m.*

03/18/2019

Legal Services
4232 FOREST PK AVE
Saint Louis MO 63108

Our Client: MURPHY PARK I APTS
Client Account Number: 56-1906
NCS Account Number: 3977458

Re Your Client: Batula Noor
Balance: $579.32

This letter will serve as confirmation that National Credit Systems, Inc., acting for MURPHY PARK I / MCCORMACK BARON, is authorized to accept $289.66 as full and final settlement of the above referenced account.

THIS IS A DATED OFFER. Certified funds must be received in our office by 03/28/2019 to take advantage of this settlement. Once said funds have been deposited, providing they are not returned from your bank, you will be released from all claims and liabilities pertaining to this account.

Should you have any questions, please contact my office immediately at 404-592-0227 or.

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for this purpose.

Sincerely,

Jim Beachum
404-629-9595  800-367-1050
Fax 888-761-7973
jnorth@nationalcreditsystems.com

**EXHIBIT**
**5** Pg 2 of 3

1920 Cass Avenue          (314) 436-2351  שְׁמַעוֹ
St. Louis, MO 63106       (314) 436-9666  ברו



March 11, 2019                          Revised

Batula Noor
1906 Biddle St
St. Louis, MO 63106

### Re:  Above –mentioned apartment (t0073163) 1906 Biddle St.

Final move out on the above-mentioned apartment are as follows:

| | | |
|---|---|---|
| **RENT BALANCE** | $ | 00.00 |
| **DAMAGES** | | |
| Drywall damages | $ | 300.00 |
| Replace carpet | $ | 324.32 |
| Clean kitchen | $ | 60.00 |
| REplae 5 window blinds @ $35.00 each | $ | 175.00 |
| Replace missing refrigerator handle | $ | 15.00 |
| Replace window screen | $ | 5.00 |
| **LATE CHARGES** | $ | 00.00 |
| Court/Legal Fees | $ | 00.00 |
| Sub Total | $ | 879.32 |
| Rent Credit | $ | 00.00 |
| **SECURITY DEPOSIT** | $ | 300.00 |
| **Refund Amount:** | $ | 00.00 |
| **Amount Tenant Owes** | $ | 579.32 |

**You have 30 days from the date of this letter to pay the tenant owed balance or your account will be turned over to a collection agency.**

Sincerely,

*Patricia Earl*

Patricia Earl
Leasing Manager

**EXHIBIT**

**5** Pg. 3 of 3

# **National**
## Credit Systems, Inc.

*P.O. Box 312125 Atlanta, GA 31131  (800) 459-1539  (404) 629-2728*
*Monday - Thursday 8:00 a.m. - 7:00 p.m., Friday 8:00 a.m. - 5:00 p.m.*

07/02/2019

Legal Services
4232 FOREST PK AVE
Saint Louis MO 63108

Our Client: MURPHY PARK I APTS
Client Account Number: 56-1906
NCS Account Number: 3977458

Re Your Client: Batula Noor & HAliMA HAji
Balance: $579.32

Enclosed you will find revised documentation provided by our client pertaining to the above
referenced account.

Please have your client remit payment on this account to National Credit Systems, Inc. at the
above address.

If you have any questions concerning these documents or the above referenced account, please
contact our office immediately.

Sincerely,

JIM BEACHUM
Collection Representative
404-592-0227 or
LTR 64·

This communication from a debt collector is an attempt to collect a debt and any information
obtained will be used for this purpose.

**EXHIBIT**

**6** Pg. 1 of 2

1920 Cass Avenue
St. Louis, MO 63106

(314) 436-2351  phone
(314) 436-9565  fax



EXHIBIT
4

MurphyPark

March 11, 2019                                    Revised

Batula Noor
1906 Biddle St
St. Louis, MO 63106

**Re:  Above –mentioned apartment (t0073163) 1906 Biddle St.**
Final move out on the above-mentioned apartment are as follows:

**RENT BALANCE**                                  $     00.00

**DAMAGES**

| | |
|---|---|
| Drywall damages | $   300.00 |
| Replace carpet | $   324.32 |
| Clean kitchen | $    60.00 |
| REplae 5 window blinds @ $35.00 each | $   175.00 |
| Replace missing refrigerator handle | $    15.00 |
| Replace window screen | $     5.00 |

| | |
|---|---|
| **LATE CHARGES** | $    00.00 |
| Court/Legal Fees | $    00.00 |
| Sub Total | $   879.32 |
| Rent Credit | $    00.00 |
| **SECURITY DEPOSIT** | $   300.00 |
| Refund Amount: | $    00.00 |
| **Amount Tenant Owes** | $   579.32 |

You have 30 days from the date of this letter to pay the tenant owed balance or your
account will be turned over to a collection agency.

Sincerely,

*Patricia Earl*

Patricia Earl
Leasing Manager

EXHIBIT
6  Pg. 2 of 2